IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                        Plaintiff,<br><br>    vs.<br><br>JUAN MANUEL MENDIOLA,<br><br>                        Defendant. | Case No. 3:08-cr-00119 (JKS)<br><br>MEMORANDUM DECISION AND ORDER<br>[Re: Motion to Reduce Sentence<br>Pursuant to the First Step Act of 2018<br>at Docket Nos. 1085, 1090] |

At Docket No. 1085, defendant Juan Manuel Mendiola, appearing *pro se*, moves for a reduction in his sentence under Section 404 of the recently-enacted First Step Act. Counsel was appointed for the limited purpose of seeking re-sentencing, Docket No. 1086, and an Amended Motion was filed, Docket No. 1090 ("Motion"). The Government opposes the motion, Docket No. 1101 ("Opposition"), and Mendiola has replied, Docket No. 1102 ("Reply"). At the Court's request, the United States Probation Office has submitted a supplemental investigation report addressing Mr. Mendiola's offenses in light of the First Step Act. Docket Nos. 1110, 1114 (SEALED).

I. BACKGROUND/PRIOR PROCEEDINGS

In June 2010, Mendiola was convicted in this Court of drug trafficking conspiracy, drug possession, and related firearms offenses, including possession of machine guns in furtherance of drug trafficking. Docket No. 560. The case stemmed from a 17-count indictment alleging a drug trafficking conspiracy involving 12 co-conspirators. Docket No. 55. The U.S. Probation

Office issued a presentence report ("PSR") recommending a sentence of 30 years to life for Counts 1, 3, 4, 6, 13, and 14, a consecutive 30 years' imprisonment for Count 5, and a consecutive 25 years' imprisonment for Count 18, for a total aggregate sentence of 85 years. Docket No. 631-1 at 32. The recommendations were based on the determination that 30 years' imprisonment is the minimum term for Count 5 based on a violation of 18 U.S.C. § 924(c) if the firearm is a machine gun, and that 25 years is the minimum term for Count 18 for a violation of § 924(c) in the case of a second or subsequent conviction under that statute. *Id.*

Mendiola objected to the mandatory minimums for Count 18, arguing that it should be 5 years because the grand jury did not indict Mendiola for the statute involving an enhanced statutory minimum. Docket No. 631-1 at 1. Mendiola also argued that the 30 years' imprisonment recommended as to Count 5 would constitute cruel and unusual punishment based on the conduct of another. The Government proposed a sentence of 65 years' imprisonment. Docket No. 635 at 14.

On September 9, 2010, Mendiola was sentenced to a 65-year term of imprisonment, consisting of 10 years on Counts 1, 3, 4, 6, 13, and 14; 30 years on Count 5, consecutive; and 25 years on Count 18, consecutive. Docket Nos. 645, 646. In so doing, the Court varied downward from the recommended Guideline sentence for the drug counts. Mendiola's aggregate sentence was thus largely driven by the mandatory consecutive sentences for the two firearm offenses (Counts 5 and 18). Mendiola's conviction and sentence were upheld on appeal in an unpublished decision issued on June 5, 2013. *United States v. Mendiola*, 525 F. App'x 646 (9th Cir. 2013); Docket No. 903.

Mendiola subsequently moved pursuant to 28 U.S.C. § 2255 to vacate his conviction, alleging a number of grounds challenging the effectiveness of his trial counsel. Docket No. 929. While that § 2255 was pending, Mendiola filed an additional *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the ground that his sentence was unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In

*Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, which defines "violent felony," was unconstitutionally vague in violation of due process. *Id*. at 2555. Finding that Mendiola failed to establish that trial counsel rendered ineffective assistance and that *Johnson* is not applicable in Mendiola's case, this Court denied both § 2255 motions in a reasoned decision issued on September 20, 2016. Docket No. 1046. The Ninth Circuit Court of Appeals dismissed for failure to file an opening brief Mendiola's appeal of this Court's denials. Docket No. 1084 (Mandate).

On December 21, 2018, the First Step Act of 2018 became law, introducing a number of criminal justice reforms. Pub. L. No. 115-391. Applicable here, Section 404 of the First Step Act concerns the application of the Fair Sentencing Act of 2010, which reduced the statutory penalties for some offenses involving crack cocaine but did not apply retroactively, and provides the following:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS. — No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391 § 404.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances set forth in 18 U.S.C. § 3582(c). 18 U.S.C. §§ 3582(b),(c). Subsection (c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by

-3-

statute." *Id.* § 3582(c)(1)(B). The First Step Act is such a statute that allows the court to modify an imposed term of imprisonment. Mendiola now argues that he is eligible for a sentence reduction under the First Step Act.[1]

## II. DISCUSSION

Section 404 of the First Step Act provides in relevant part that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." § 404(b), 132 Stat. at 5222. The term "covered offense" pertains to a federal criminal act whose statutory penalties were later modified by the Fair Sentencing Act. *Id.* § 404(a). Reductions are not automatic for otherwise eligible defendants; the First Step Act instead vests district courts with discretion to grant or deny such reduction. *See id.* ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

This Court previously concluded that Mendiola's convictions on Counts 1 (conspiracy to distribute crack cocaine, cocaine powder, and methamphetamine) and 3 (distribution of a mixture and substance containing a detectable amount of crack cocaine) are "covered offenses" under § 404(a) rendering him eligible to seek relief under the First Step Act. Docket No. 1110. To assess whether relief was warranted, however, the Court requested a new sentencing

---

[1] As previously noted, Mendiola was sentenced on September 9, 2010, and judgment was entered 5 days later. Docket Nos. 645, 646. The Fair Sentencing Act took effect on August 3, 2010, but the new *United States Sentencing Guidelines* did not take effect until November 1, 2010, after Mendiola was sentenced. Although Mendiola's offenses were committed prior to the Act's effective date, the U.S. Supreme Court has held that the Fair Sentencing Act applies to any defendant sentenced after the Act's August 3, 2010, effective date, regardless of when the offense occurred and for those who, like Mendiola, were sentenced after the Act's effective date but before the new *Guidelines* took effect. *Dorsey v. United States*, 567 U.S. 260, 281 (2012). The Government does not assert that Mendiola's sentence was previously imposed or reduced under the Fair Sentencing Act, nor has Mendiola previously sought relief under it. Thus, whether he is entitled to such relief is before the Court for the first time in the instant Motion.

-4-

reduction investigation report by the United States Probation Office to facilitate the determination of whether, and to what extent, the Court should exercise its discretion to reduce Mendiola's sentence. *Id.*

The U.S. Probation Office has now submitted an addendum to its PSR in which it states that a sentencing reduction is not recommended. Docket No. 1114 (SEALED) at 9 ("Supplemental PSR"). The Probation Office concludes that, although his statute of conviction corresponds with Section 2 of the Fair Sentencing Act, Mendiola is still subject to the statutory minimum terms of imprisonment on other counts of conviction involving his possession of methamphetamine, heroin, and firearms. *Id.*

Mendiola objects to the Supplemental PSR and argues that "other courts have recognized that the remedial purpose of the First Step Act grants courts with the authority to 'unbundle' a sentencing package and resentence a defendant on all counts." Docket No. 1116 (SEALED) at 2. As Mendiola recognizes, his original sentence is largely a product not of his drug offenses, but rather the statutory minimums that controlled Mendiola's firearms offenses under 18 U.S.C. § 924(c). *Id.* Mendiola avers that the First Step Act allows a district court to impose current statutory penalties not just on covered drug offenses but on any part of the sentencing package, which, in Mendiola's case, would not require the consecutive "stacked" mandatory minimum sentences on Counts 5 and 18. *Id.* In support of this argument, Mendiola cites *United States v. DeJesus*, No. 3:00-cr-227 (D. Conn. Nov. 1, 2019), which held that a defendant who is entitled to relief under the First Step Act for a covered offense is entitled to a full resentencing on related convictions. Docket No. 1116-1 (SEALED).

But as the district judge in Connecticut recognized in the two opinions authorizing plenary resentencing, *see also United States v. Medina*, No. 3:05-CR-58, 2019 WL 3769598, at *6 (D. Conn. July 17, 2019), "the majority of courts have decided that eligibility for relief under the First Step Act for a covered offense does not entitle a defendant to a full, plenary resentencing if there are also uncovered offenses," Docket No. 1116-1 (SEALED) at 4-5

(collecting cases). This Court must respectfully agree with the majority of courts addressing this issue that defendants who are entitled to relief under the First Step Act for a covered offense are not also entitled to resentencing on other, non-covered offenses. First, while the Ninth Circuit has not yet determined whether the First Step Act independently authorizes a full plenary resentencing, the Court agrees with the district courts and other circuit courts that have addressed this issue and concluded that the express provisions of the Act authorize only a reduced sentence, not a plenary resentencing. *See United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019) (rejecting argument that eligibility for resentencing for crack cocaine offenses under First Step Act entitled appellant to plenary resentencing on career offender status, and holding that the district court committed no error in continuing to apply the career-criminal enhancement); *United States v. Johnson*, No. 2:04-cr-00201, 2019 WL 5455723, at *2-3 (E.D. Wash. Oct. 24, 2019); *United States v. Mason*, No. 2:04-CR-00209, 2019 WL 2396568, at *4 (E.D. Wash. Jun. 6, 2019) (collecting cases).

Moreover, defendants are not entitled to full resentencing in the analogous context of § 3582(c)(2) proceedings based on retroactive amendments to the U.S. Sentencing Guidelines. *See Dillon v. United States*, 560 U.S. 817, 825-26 (2010) (concluding that § 3582(c)(2) by its terms permits "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding"). Although some courts have read the First Step Act expansively to vest courts with broad discretion to resentence, this Court respectfully disagrees. It does not appear that Congress intended subsection (c)(1)(B) to be more expansive in its resentencing implications than subsection (c)(2). *See, e.g.*, *United States v. Lawson*, No. 1:03CR398, 2019 WL 1959490, at *3 (applying *Dillon* to find that the First Step Act does not require plenary resentencing).

For these reasons, the Court must conclude that Mendiola is not entitled to relief as to his non-covered firearm offenses, and thus First Step Act relief is not warranted in his case. The Court reaches this conclusion with some regret. As the undersigned noted at sentencing and a

Ninth Circuit judge agreed on appeal, on this record the 65-year sentence for Mendiola's crimes is admittedly harsh.[2] *See Mendiola*, 525 F. App'x at 648 (Tashima, C.J., concurring) ("[W]ere [Mendiola's] sentence subject to review for substantive reasonableness, absent the consecutive and increasingly harsh statutory minima, I doubt that it would have survived."). The Court also recognizes the vocational and educational programs that Mendiola has completed during his time in federal custody. *See* Docket No. 1116-2 (SEALED). Nonetheless, the Court agrees with the Probation Office that Mendiola's disorderly conduct during incarceration presents some concern that the initial sentence imposed is necessary to mitigate Mendiola's risk for future criminal behavior.

**IT IS THEREFORE ORDERED THAT** the Motion to Reduce Sentence Pursuant to the First Step Act of 2018 at Docket Nos. 1085 and 1090 is **DENIED**.

Dated: February 5, 2020.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

---

[2] Mendiola does not raise an argument for modification of his sentence based on "extraordinary and compelling reasons" as permitted by 18 U.S.C. § 3582(c)(1). Prior to December 21, 2018, a court could only modify a sentence under this section in response to a motion made by the director of the Bureau of Prisons. The First Step Act modified 18 U.S.C. § 3582(c)(1) and now allows a defendant to make such a motion, once he has exhausted his administrative remedies. *United States v. Gross*, No. 2:04-CR-32-RMP, 2019 WL 2437463, at *2 (E.D. Wa. Jun. 11, 2019). There is nothing in the record before the Court indicating that Mendiola has exhausted his administrative remedies.