IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>JUAN MANUEL MENDIOLA,<br><br>      Defendant. | Case Nos. 3:08-cr-00119-JKS<br>      3:20-cv-00273-JKS<br><br>ORDER OF DISMISSAL<br>[Re: Motion under 28 U.S.C. § 2255 to<br>Vacate, Set Aside, or Correct Sentence<br>at Docket No. 1124] |

At Docket No. 1124 ("§ 2255 Motion" or "Motion to Vacate"), defendant Juan Manuel Mendiola filed a *pro se* motion under 28 U.S.C. § 2255 to reduce his sentence pursuant to the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 1339 (2019). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, when a court receives a § 2255 motion, the court must initially screen it, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. *See United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); 28 U.S.C. § 2243.

I. BACKGROUND/PRIOR PROCEEDINGS

In June 2010, Mendiola was convicted in this Court of drug trafficking conspiracy, drug possession, and related firearms offenses, including possession of machine guns in furtherance of drug trafficking. Docket No. 560. The case stemmed from a 17-count indictment alleging a drug trafficking conspiracy involving 12 co-conspirators. Docket No. 55. The U.S. Probation Office issued a presentence report ("PSR") recommending a sentence of 30 years to life for

-1-

Counts 1, 3, 4, 6, 13, and 14, a consecutive 30 years' imprisonment for Count 5, and a consecutive 25 years' imprisonment for Count 18, for a total aggregate sentence of 85 years. Docket No. 631-1 at 32. The recommendations were based on the determination that 30 years' imprisonment is the minimum term for Count 5 based on a violation of 18 U.S.C. § 924(c) if the firearm is a machine gun, and that 25 years is the minimum term for Count 18 for a violation of § 924(c) in the case of a second or subsequent conviction under that statute. *Id.*

Mendiola objected to the mandatory minimums for Count 18, arguing that it should be 5 years because the grand jury did not indict Mendiola for the statute involving an enhanced statutory minimum. Docket No. 631-1 at 1. Mendiola also argued that the 30 years' imprisonment recommended as to Count 5 would constitute cruel and unusual punishment based on the conduct of another. The Government proposed a sentence of 65 years' imprisonment. Docket No. 635 at 14.

On September 9, 2010, Mendiola was sentenced to a 65-year term of imprisonment, consisting of 10 years on Counts 1, 3, 4, 6, 13, and 14; 30 years on Count 5, consecutive; and 25 years on Count 18, consecutive. Docket Nos. 645, 646. In so doing, the Court varied downward from the recommended Guideline sentence for the drug counts. Mendiola's aggregate sentence was thus largely driven by the mandatory consecutive sentences for the two firearm offenses (Counts 5 and 18). Mendiola's conviction and sentence were upheld on appeal in an unpublished decision issued on June 5, 2013. *United States v. Mendiola*, 525 F. App'x 646 (9th Cir. 2013); Docket No. 903.

Mendiola subsequently moved pursuant to 28 U.S.C. § 2255 to vacate his conviction, alleging a number of grounds challenging the effectiveness of his trial counsel. Docket No. 929. While that § 2255 was pending, Mendiola filed an additional *pro se* motion to vacate his conviction pursuant to 28 U.S.C. § 2255 on the ground that his sentence was unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague in

-2-

Case 3:08-cr-00119-JKS   Document 1128   Filed 11/30/20   Page 2 of 5

violation of due process.  Finding that Mendiola failed to establish that trial counsel rendered ineffective assistance and that *Johnson* is not applicable in Mendiola's case, this Court denied both § 2255 motions in a reasoned decision issued on September 20, 2016.  Docket No. 1046.  The Ninth Circuit Court of Appeals dismissed for failure to file an opening brief Mendiola's appeal of this Court's denials.  Docket No. 1084 (Mandate).

As noted above, Mendiola moved in August 2019 for a reduction in sentence under the First Step Act of 2018, which introduced a number of criminal justice reforms.  Docket Nos. 1085, 1090.  The Court ultimately denied relief after concluding that defendants who are entitled to relief under the First Step Act for a covered offense are not also entitled to resentencing on other, non-covered offenses; while Mendiola suffered a covered offense, his aggregate sentence was the result of a non-covered offense such that he could not benefit from a reduction in sentence.  Docket No. 117.  Mendiola filed a counseled notice of appeal as to the denial of his First Step Act motion.  Docket No. 1120.  While his appeal was pending in the Ninth Circuit Court of Appeals, the Ninth Circuit decided *United States v. Kelley*, which held that the First Step Act does not permit a plenary resentencing proceeding as to non-covered offenses, thus endorsing the interpretation utilized by this Court in denying Mendiola's First Step Act motion.  962 F.3d 470 (9th Cir. 2020).  Acknowledging that *Kelley* foreclosed Mendiola's appeal, counsel moved to stay the appellate proceedings pending the petition for rehearing and petition for rehearing *en banc* in *Kelley.*  Ninth Cir. Case No. 19-30066, Docket No. 5-1.  The request was granted, *id.* at Docket No. 7, and a review of the Ninth Circuit docket indicates that Mendiola's First Step Act motion appeal remains pending.  Mendiola therefore is currently represented by counsel in Case No. 3:08-cr-00119-JKS-1.  Docket No. 1123; Ninth Cir. Case No. 20-30069.

In light of counsel's representation, the Court ordered appointed counsel to review the instant motion, confer with Mendiola, and file an amended motion or notice that Mendiola would be representing himself.  Docket No. 1125.  Counsel replied that Mendiola is not entitled to relief under *Davis* and moved to withdraw as attorney in the § 2255 proceedings.  Docket No.

1126. Counsel's request was granted, Docket No. 1127, and Mendiola's *pro se* § 2255 Petition at Docket No. 11is now before the Court for screening under Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." Habeas relief is available to correct errors of jurisdiction and constitutional error but a general "error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

"A petitioner is generally limited to one motion under § 2255, and may not bring a second or successive motion unless it meets the exacting standards of 28 U.S.C. § 2255(h)." *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011) (quotations omitted). "This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" *Id.* (quoting § 2255(h)).

## III. DISCUSSION

In the instant motion, Mendiola argues that his conviction for use of a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c), is unconstitutional because the predicate offense does not qualify as crime of violence under U.S.C. § 924(c)(3)(A). Mendiola relies on the Supreme Court's decision in *Davis*, 139 S. Ct. at 1339, which found

-4-

unconstitutionally vague Title 18 U.S.C. § 924(c)(3)(B)'s enhanced penalties for using a firearm during a "crime of violence."

As noted above, however, the Ninth Circuit has held that "[a] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." *Alaimalo v. United States*, 645 F.3d 1042, 1054 (9th Cir. 2011) (citing 28 U.S.C. § 2255(h)). As discussed more thoroughly above, Mendiola has already moved to vacate his sentence pursuant to § 2255 on both ineffective assistance and *Johnson* grounds. Docket Nos. 929, 1040, 1046. It is therefore clear from the record that the instant motion constitutes a second or successive § 2255 petition. However, the record does not indicate that Mendiola moved in the Ninth Circuit for permission to file such petition in this Court.[1] Accordingly, this Court is without jurisdiction to entertain Mendiola's successive § 2255 Motion.

**IT IS THEREFORE ORDERED THAT** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence at Docket No. 1124 is **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly in Case No. 3:20-cv-00273-JKS.

Dated: November 30, 2020.

                                     /s/ James K. Singleton, Jr.
                                    JAMES K. SINGLETON, JR.
                                    Senior United States District Judge

---

[1] The record shows that Mendiola moved in the Ninth Circuit for permission to file a second or successive petition as to his *Johnson* claim. *See* Ninth Circuit Case No. 16-72016 (Docket No. 1). Because Mendiola's *Johnson* motion was filed while his § 2255 petition based on ineffective assistance was pending, the Ninth Circuit apparently did not consider the *Johnson* motion to be a second or successive petition. This Court therefore construed Mendiola's *Johnson* motion as a motion to amend his § 2255 petition to add the *Johnson* claim, which it denied as futile. Docket No. 1046 (citing *Bonin v. Calderon*, 59 F.3d 815, 845-46 (9th Cir. 1995) (futility of amendment justifies the denial of a motion for leave to amend a habeas petition)). Because Mendiola's initial § 2255 petition and *Johnson* claim have been denied and his subsequent appeal dismissed, Docket Nos. 1046, 1047, 1048, 1069, it is incontrovertible that the instant § 2255 petition based on *Davis* constitutes a second or successive habeas petition.