# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| |
|---|
| UNITED STATES OF AMERICA, |
| Plaintiff, |
| v. |
| JUAN MENDIOLA, |
| Defendant. |

Case No. 3:08-cr-00119-SLG

## ORDER STAYING ACTION AND HOLDING IN ABEYANCE MOTION FOR COMPASSIONATE RELEASE

Before the Court at Docket 1132 is defendant Juan Mendiola's Motion and Memorandum for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). The government responded in opposition at Docket 1136. With leave from the Court, Mr. Mendiola filed a reply at Docket 1140. The U.S. Probation Office filed a sealed Compassionate Release Investigation Report at Docket 1133.

## I.    The issues presented in the compassionate release motion

Mr. Mendiola seeks a reduction in sentence based primarily on the mandatory "stacked" 18 U.S.C. § 924(c) sentences he received when he was sentenced in 2010.[1] In 2018, the First Step Act modified the stacking provisions in § 924(c). Mr. Mendiola asserts that the First Step Act's "changes to the § 924(c)

---

[1] Docket 1132. Although Mr. Mendiola categorizes his asserted extraordinary and compelling circumstances as an "excessive sentence," a "trial penalty," "unwarranted sentencing disparities," and "post-sentencing changes in the law," these assertions all generally relate, at least in part, to his being subject to the mandatory § 924(c) stacking provisions.

sentencing scheme warrant a reduction in sentence" and that if he were sentenced pursuant to the current § 924(c) scheme he would be subject to a significantly lower mandatory minimum sentence.[2]  The government responds that the "First Step Act's non-retroactive amendments to § 924(c) cannot serve as an 'extraordinary and compelling' reason for a reduction in sentence" and notes that the Ninth Circuit Court of Appeals is scheduled to hear oral argument on this issue next month.[3]  Mr. Mendiola replies that "Congress's judgment about the retroactive application of the revised 924(c) sentencing structure says nothing about whether the compassionate release statute can be used to grant individual relief in the most grievous cases"; his reply does not dispute that this issue is currently pending before the Ninth Circuit.[4]

## II.    Issue pending before the Ninth Circuit Court of Appeals

The Court has reviewed the Ninth Circuit dockets in *United States v. Wilson* (20-50328), *United States v. Chen* (20-50333), and *United States v. Young* (21-50149).  These cases have been assigned to the same Ninth Circuit panel and they all involve the same issue: "In determining whether 'extraordinary and compelling reasons' warrant a sentence reduction/compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), may a district court consider non-retroactive changes

---

[2] Docket 1132 at 4.
[3] Docket 1136 at 6, 10.
[4] Docket 1140 at 4 (internal quotation omitted).

Case No. 3:08-cr-00119-SLG, *United States v. Mendiola*
Order Staying Action and Holding in Abeyance Motion for Compassionate Release
Page 2 of 4

to a mandatory sentencing scheme?"[5] *United States v. Wilson* and *United States v. Chen* specifically raise the issue in the context of the First Step Act's amendment to the § 924(c) stacking provision.[6]

## III. Stay of this case pending resolution by the Ninth Circuit

A district court has the discretionary authority to *sua sponte* stay proceedings pending before it.[7] When deciding whether to grant a stay, among those interests to be weighed are "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[8]

The Court finds that there will be little harm to either party by staying this case. Mr. Mendiola is seeking to have his sentence reduced to from 65 to 15

---

[5] *United States v. Wilson,* Case No. 20-50328, Docket 46 (Ninth Circuit Notice of Related Cases). The Ninth Circuit *sua sponte* appointed defense counsel in *United States v. Wilson* and *United States v. Chen* specifically to address this issue. Case No. 20-50328, Docket 25; Case No. 20-50333, Docket 17.

[6] Case No. 20-50328, Docket 35 at 12 (appellant's opening brief); Case No. 20-50333 at 12 (appellant's opening brief).

[7] *Leyva v. Cert. Grocers of Calif., Ltd.*, 593 F.2d 857, 863 (1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.").

[8] *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Case No. 3:08-cr-00119-SLG, *United States v. Mendiola*
Order Staying Action and Holding in Abeyance Motion for Compassionate Release
Page 3 of 4

Case 3:08-cr-00119-SLG   Document 1141   Filed 05/11/22   Page 3 of 4

years—even if the Court were to grant a reduction in sentence to that extent, Mr. Mendiola would still have several years left to serve in custody. The Court does not expect the stay to be particularly lengthy, as the Ninth Circuit is scheduled to hear oral argument on this issue next month, on June 16, 2022. There is efficiency and judicial economy to be gained by staying these proceedings. Moreover, the parties and the Court have an interest in the Court applying the correct law to the instant motion. Resolution of the relevant issue by the Ninth Circuit will substantially aid this Court in determining Mr. Mendiola's motion for compassionate release because the issue presented in this case is the exact issue the Ninth Circuit will be considering in *United States v. Wilson* (20-50328) and *United States v. Chen* (20-50333). Therefore, the Court finds that the relevant interests justify a stay. The Court will allow the parties to file supplemental briefing to address the Ninth Circuit's resolution of this issue when the stay is lifted.

In light of the foregoing, IT IS ORDERED that the motion at Docket 1132 is HELD IN ABEYANCE and this matter is STAYED pending the Ninth Circuit Court of Appeal's decision in the above-named cases.

DATED this 11th day of May, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:08-cr-00119-SLG, *United States v. Mendiola*
Order Staying Action and Holding in Abeyance Motion for Compassionate Release
Page 4 of 4

Case 3:08-cr-00119-SLG   Document 1141   Filed 05/11/22   Page 4 of 4